Fox Wisconsin Corporation, Appellant, vs. Century Indemnity Company, Respondent.

*November 5—December 3, 1935.*

550

For the appellant there was a brief by *Miller, Mack & Fairchild,* and oral argument by *Herbert C. Hirschboeck,* all of Milwaukee.

For the respondent there was a brief by *Coleman & Barry,* attorneys, and *James E. Coleman* and *Richard F. Mooney* of counsel, all of Milwaukee, and oral argument by *Mr. Mooney.*

FAIRCHILD, J. The contract relied upon by appellant provides for indemnity against loss by reason of liability for damages imposed by law upon the assured. The Century Indemnity Company, in stating its obligations in its policy, adopted language of established meaning in this state when it used words agreeing to indemnify the theatre company "against loss by reason of the liability imposed upon him by law for damages because of bodily injuries . . . accidentally sustained by any person or persons." Whether or not an injury is accidental under the terms used in the policy here involved is to be determined from the standpoint of the person injured. The meaning that must be accepted is that attributed to practically identical words used in a policy described in *Button v. American Mutual Accident Asso.* 92 Wis. 83, 65 N. W. 861. The facts show that the injury to the patron came to him through force not of his own provocation. From his standpoint, then, the injuries were "accidentally sustained." *Washington Theatre Co. v. Hartford Accident & Indemnity Co.* 9 N. J. Misc. 1212, 157 Atl. 111. In the absence of some provision in the policy which excludes liability for such injuries, the meaning of "accidentally sustained" becomes plain and controlling. Damage having resulted because of bodily injury sustained by a patron of the theatre because of the care, maintenance, or use of the theatre, it becomes a liability of the insurer under its contract. The patron, whose injury gave rise to the liability, was assaulted, and, in a sense, the act was unlawful and intentional; still, considered objectively, it occurred without the agency of the patron, and, so far as these particular parties are concerned, the act may be, and legally is to be, termed accidental. *Georgia Casualty Co. v. Alden Mills,* 156 Miss. 853, 127 So. 555.

The appellant is subject to the liability for damages flowing from the tortious conduct of its employee. This liability

is imposed upon assured by law under the rule of *respondeat superior*. Although the appellant may be held liable for such tort, it cannot be said that it committed the assault, nor that it authorized it. Thus the appellant has not placed itself outside the terms of the policy, and we find no limitation or qualification under which the respondent can escape its liability to the appellant. Respondent agreed to indemnify appellant for loss by reason of liability resulting from bodily injuries accidentally sustained by a patron in appellant's theatre. We do not consider it necessary to enlarge upon the significance of the terms of the policy. We hold that the liability here imposed by law upon appellant for the act of its servant arises out of the operation of the business just as directly as if some appliance used in connection therewith had failed to function properly, and the patron had been injured because of such failure.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.