Matthias, J.
 

 The original action was tried and submitted to the jury upon the theory that the plaintiff, Rothman, was a guest in the automobile specified in the insurance policy in controversy, and the verdict
 
 *243
 
 and judgment were awarded upon the ground that the plaintiff’s injury resulted from wanton misconduct of the driver.
 

 The primary question presented in this case is whether there is a liability of the insurance company under the terms of its policy for damages in consequence of an accident resulting from wanton misconduct. The pertinent provisions of the policy are as follows: “the Metropolitan Casualty Insurance Company * * * does * * * insure the assured named * # #
 

 “Against loss and/or expense arising or resulting from claims upon the assured for damages in consequence of an accident occurring during the term of this policy, within the limits of the United States and Canada, caused by reason of the ownership, maintenance, or use of the automobile or automobiles described in the Schedule of Statements, including the loading and unloading when commercially used, resulting in:
 

 “A. Bodily injuries and/or death accidentally suffered or alleged to have been suffered by any person or persons not hereinafter excepted; provided that the company’s liability therefor is limited to the amount specified in Clause (a) Statement 6 of the Schedule of Statements.”
 

 It is to be observed that 'loss in consequence of an accident caused by reason of the ownership, maintenance or use of the automobile is what is covered by the terms of the policy, and specifically “bodily injuries * * * accidentally suffered.” Nowhere in the policy do we find the word “negligence” although we think it must be conceded that protection against liability on the ground of negligence is the principal purpose of such policy. Does the conclusion necessarily follow, since the driver of the automobile was so negligent that his manner of driving may properly be characterized as wanton misconduct, that no accident
 
 *244
 
 occurred and the plaintiff’s injury was not accidentally suffered?
 

 Let us first understand that we are not dealing with wilful act — and there is a distinction between wilful act and wanton misconduct. No one would claim that such policy covers an injury resulting from a wilful act of the insured, for the term “wilful act” implies an intention to cause the injury.
 
 Payne, Dir. Genl. of Rds.,
 
 v.
 
 Vance,
 
 103 Ohio St., 59, 133 N. E., 85. In the case of
 
 Messersmith
 
 v.
 
 American Fidelity Co.,
 
 232 N. Y., 161, 133 N. E., 432, the Court of Appeals of New York had under consideration a question of liability where the insured had permitted the operation of his automobile by one under the age prescribed by the statute. In the opinion of Judge Cardozo, attention was directed to the fact that the statute has so covered the field that liability of an owner of an automobile can seldom if ever be incurred without fault that is also a crime, and various statutory regulations are enumerated indicating the impossibility of any liability arising under an insurance policy that would not involve the violation of some statutory provision regulating the operation of automobiles. The court concluded that the act of entrusting an automobile to one under the prescribed age was a wilful act, but not the ensuing conduct from which the injury resulted. The
 
 vqxj
 
 pertinent statement is there made that “Injuries are accidental or the opposite for the purpose of indemnity according to the quality of the results rather than the quality of the causes.”
 

 This subject was under consideration in the case of
 
 Commonwealth Casualty Co.
 
 v.
 
 Headers, d. b. a. Cadillac Auto Livery,
 
 118 Ohio St., 429, 161 N. E., 278, much relied upon by counsel for the casualty company. That case involved the question of recovery upon a policy of indemnity against loss by reason of judgments recovered against the insured by parties accidentally injured by reason of the negligent operation of the
 
 *245
 
 motor vehicle specified. It was there held that the casualty company was not required to respond where the recovery of damages was based not on
 
 negligence
 
 connected with the operation of the motor vehicle, but on a wilful and intentional assault and battery inflicted upon the party injured. The substance of the holding was that “an injury or death does not occur by accident when it results from wilful, intentional, personal violence inflicted by another.” It is there well said that: “Surely no one would claim that a party holding an ordinary accident insurance policy covering all forms of external accidental injuries could recover under such a policy damages sustained by reason of a wilful and intentional injury inflicted by another. ’ ’
 

 It is to be observed that the damages in that case were the result of wilful and intentional injury inflicted by the insured. Wanton misconduct alone was not involved. Wantonness does not include intent to injure. As has been well said, it “implies the failure to exercise any care for the safety of those to whom a duty of care is owing when the wrongdoer has knowledge of the great probability of harm to such persons which the exercise of care might avert and exhibits a reckless disregard of consequences.”
 
 Reserve Trucking Co.
 
 v.
 
 Fairchild,
 
 128 Ohio St., 519, 191 N. E., 745. Even when as broadly defined as in
 
 Universal Concrete Pipe Co.
 
 v.
 
 Bassett,
 
 130 Ohio St., 567, 200 N. E., 843, the term “wanton misconduct” does not embrace intent to injure.
 

 It is to be observed again that the word “negligence” is not used in the insurance policy before us. Loss in consequence of an
 
 accident
 
 caused by reason of the ownership, maintenance or use of the automobile' is what is covered by the terms of the policy, and specifically “bodily injuries * * * accidentally suffered.” Does the conclusion necessarily follow, since the driver of the automobile was so negligent that his
 
 *246
 
 manner of driving may properly be characterized as wanton misconduct, that no accident occurred and that plaintiff’s injury was not accidentally suffered? Prior to the enactment of Section 6308-6, General Code, the owner or operator of an automobile was liable for injury to one riding as his guest regardless of whether the injury resulted from the mere negligence or the wilful act or the wanton misconduct of the driver. By reason of this statute, the liability of the owner or operator is now limited to instances where injury was caused by wilful or wanton misconduct. In this case, we have to consider only wanton misconduct, for it was upon the issue of wanton misconduct that the case was tried and judgment rendered against the insured. A meaning of that term should not be prescribed which necessarily imports an intention to cause the resulting injury. It is well settled from the standpoint of public policy that the act of intentionally inflicting an injury cannot be covered by insurance in anywise protecting the person who inflicts such injury. To reach the conclusion-that injury resulting from wanton misconduct is not an accidental injury within the terms of the policy requires the assumption that intention to injure is embraced within the term “wanton misconduct.” In our opinion, only those acts which are not motivated by an intent and purpose to injure are to be regarded as covered by the terms of this policy. As previously pointed out, practically every instance in which liability arises under such a policy involves a violation of some traffic law or regulation. There is no limitation in the terms of the policy in the respect under consideration. It is as broad in its scope of liability as is the term “accidental.”
 

 Let us repeat: The word “negligence” is not used anywhere in the insurance contract. Hence, there is no such limitation implied in the coverage of the policy, and if the injury was not intentionally caused, then it was accidentally suffered. In this case there
 
 *247
 
 was no finding, nor is there any claim, of intentional injury. As well stated in the case of
 
 Sontag
 
 v.
 
 Galer,
 
 279 Mass., 309, 181 N. E., 182, “It is the state of the ‘will of the person by whose agency it [the injury] was caused’ rather than that of the injured person which determines whether an injury was accidental.” In that case, as in the
 
 Headers case, supra,
 
 it was held that the policy does not protect the insured from his own intentional and malicious acts. It is there pointed out that ‘ ‘accident, ’ ’ as the term is ordinarily used, is a more comprehensive term than “negligence,” and in its common signification means an unexpected happening without intention or design.
 

 The language of this policy is so clear and unambiguous that it calls for no interpretation by the court. If there were any ambiguity in the terms of the company’s insurance policy, the principles of construction and interpretation applicable are well established. The judgment resulted from a claim fo,r injuries accidentally suffered by reason of the use of the automobile covered by .the policy, and the insurance is against loss in consequence of an
 
 accident
 
 without any limitation as to the manner of its occurrence. If there were to be any exceptions or limitations in such respect, the policy should have contained apt language to effect such limitations.
 

 We are not in accord with the conclusion reached by the Court of Appeals upon this branch of the case as indicated in its opinion. It reversed the judgment of the Court of Common Pleas and rendered final judgment in favor of the casualty company. We do not find the ground of the reversal stated in the journal entry. We therefore look to the other claims of prejudicial error in the Court of Common Pleas asserted by the casualty company to ascertain whether the judgment of reversal may be supported on other grounds.
 

 As previously observed, this case was tried upon the
 
 *248
 
 theory that the plaintiff was at the time of her injury traveling as a guest in the automobile of the insured, the Malkin Furniture Company. The casualty company therefore had whatever benefit and advantage arose from that situation, and we have not now before us the question of whether the plaintiff was in fact a guest. It may be noted, however, that the plaintiff assumed a greater burden in this respect than was required. 95 A. L. R., 1181;
 
 Dorn, Admr.,
 
 v.
 
 Village of North Olmsted,
 
 133 Ohio St., 375, 14 N. E. (2d), 11, and cases
 
 cited; Smith
 
 v.
 
 Clute,
 
 277 N. Y., 407, 14 N. E. (2d), 455, and cases cited.
 

 The casualty company now urges its entire exemption from liability to respond to the judgment against the insured upon the ground that at the time of the injury the plaintiff was traveling as a passenger for a consideration, which use of the automobile in question was expressly excluded- from coverage by the terms of the policy. The facts relied upon to support this contention may be briefly stated:
 

 Mrs. Rothman visited the store of the Malkin Furniture Company in Youngstown, Ohio, for the purpose of purchasing rugs and furniture and, upon expressing a desire to see certain other rugs and furniture in Cleveland, Ohio, Mr. Malkin, the president of the company, took her to Cleveland by automobile for such purpose. Some selections were there made, and it was upon the return trip from Cleveland to Youngstown that the accident and -resulting injuries to Mrs. Roth-man occurred.
 

 In view of the fact that this automobile was insured as the property of a business concern and, according to the terms of the policy, is covered for business as well as personal use, a strained construction must be resorted to if it be held that under the facts above stated the automobile was being “used to carry passengers for a consideration express or implied,” at the time of the accident. When all the terms and con
 
 *249
 
 ditions of the policy are considered together, it must be concluded that such use as that in question was contemplated by the parties; at least, that it was not embraced within the exception stated.
 
 Ocean Accident & Guarantee Corp.
 
 v.
 
 Olson,
 
 87 F. (2d), 465;
 
 Western Machinery Co.
 
 v.
 
 Bankers Indemnity Ins. Co.,
 
 10 Cal. (2d), 488, 75 P. (2d), 609;
 
 Central Surety & Ins. Co.
 
 v.
 
 London & Lancashire Indemnity Co.,
 
 181 Wash., 353, 43 P. (2d), 12;
 
 Jasion
 
 v.
 
 Preferred Acc. Ins. Co.,
 
 113 N. J. L., 108, 172 A., 367. These cases involved insurance policies with substantially the same provisions as the policy before us.
 

 In
 
 Western Machinery Co.
 
 v.
 
 Bankers Indemnity Ins. Co., supra,
 
 the insurer was held liable for injuries sustained while the insured was transporting by automobile a prospective customer to inspect machinery offered for sale, and it was there held that such use was a permissible use and the automobile was not being used to carry passengers for a consideration, actual or implied, within the exclusion clause of the policy.
 

 In
 
 Dahl
 
 v.
 
 Moore,
 
 161 Wash., 503, 297 P., 218, it is disclosed that plaintiffs were riding in defendant’s car for the purpose of inspecting real estate for sale by the latter. This case is quite in point, for it was held that under the circumstances plaintiffs were not gratuitous passengers and therefore entitled to recover for ordinary negligence; and then in a subsequent action, the
 
 Central Surety & Ins. Co. case, svtpra,
 
 brought to recover on Moore’s policy of insurance, which presented the question whether the automobile under the circumstances' was being “ ‘used in the carriage of passengers for a consideration, express or implied,’ ” the same court held that the facts did not constitute a carriage of passengers for a consideration. It was also held that the use then being made of the automobile was a business use.
 

 
 *250
 
 Likewise in the case of
 
 Jasion
 
 v.
 
 Preferred Acc. Ins. Co., supra,
 
 where the plaintiff was transported by motor vehicle to inspect a cow with a view to purchasing it, it was held that the carriage of the plaintiff was incidental to the business in hand and hence did not constitute the carrying of a passenger under the terms of the policy.
 

 The further defense that the provisions of the policy had been invalidated by reason of the failure and refusal of the insured to cooperate in defense against the personal injury action was a controverted issue 'in the case and became a question of fact which was submitted to the jury- by the court under proper instructions. We, of course, are not concerned with the question of the weight of the evidence.
 

 The claim that there was no evidence introduced to show for what the appellant recovered her judgment and that it was covered by the insurance policy in question is extremely technical. The record shows the rendition of the judgment which is, of course, in the same case bearing the same number and also embodies the pleadings in the case. In addition, there is the admission that the judgment involved was based upon the wanton misconduct in the operation of the automobile. The appellee is entirely correct in conceding this defense very technical.
 

 As to the matter of misconduct of plaintiff’s counsel in arguing to the jury, it need only be said, without repetition of the language employed in argument, that the expression of counsel with reference to his experience with other insurance companies is subject to criticism-and reprimand. The trial court very promptly sustained an objection and instructed the jury to disregard the improper statement of counsel. In view of the very general character of such statement, it must be concluded no prejudicial error resulted.
 

 For the reasons stated, the judgment of the Court
 
 *251
 
 of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Gorman JJ., concur.