GREEN BUS LINES, INC., Appellant, *v.* OCEAN ACCIDENT AND GUARANTY CORPORATION, LTD., Respondent.

Submitted November 17, 1941; decided January 15, 1942.

*Daniel A. Dorsey* and *Walter R. Hart* for appellant. The negligence alleged in the complaint, if proved, imposed on plaintiff, as a matter of law, a liability to respond in damages for the injuries received. (*Gillespie .v. Brooklyn Heights R. R.*, 178 N. Y. 347; *Putnam* v. *Broadway & Seventh Ave. R. R. Co.*, 55 N. Y. 108.) Defendant's policy covered all of plaintiff's public liability at common law and under our statutes as operator and as owner of the insured vehicle and as a common carrier that might be incurred by reason of the ownership, operation, maintenance and use of the insured's motor vehicles. (Cons. Laws, ch. 71, §§ 17, 59; Cons. Laws, ch. 28, § 109 [now § 167]; *Bakker* v. *Ætna Life Ins. Co.*, 264 N. Y. 150.) The alleged injuries resulted from and were connected with the ownership, operation, maintenance and use of the insured vehicle. (*Greco* v. *Kresge Co.*, 277 N. Y. 26; *Shaw* v. *Citizens Casualty Co.*, 241 App. Div. 399.)

*Milton Kunen* for respondent. The policy does not cover a claim resulting from an unprovoked assault upon a passenger by a fellow passenger. (*Baron* v. *Auto Mutual Ind. Co.*, 247 App. Div. 731; *Witherstine* v. *Employers Liability Assur. Corp.*, 235 N. Y. 168; *O' Tier* v. *Sell*, 252 N. Y. 400; *Wolcott* v. *Renault Selling Branch, Inc.*, 175 App. Div. 858; *Grant* v. *Knepper*, 245 N. Y. 158; *Arcara* v. *Moresse*, 258 N. Y. 211; *Mills* v. *Gabriel*, 259 App. Div. 60; 284 N. Y. 755; *Davis Holding Corp.* v. *Willcox*, 112 Conn. 543; *City of New York* v. *Dry Dock, E. B. & B. R. R. Co.*, 135 Misc. Rep. 678; *Steir* v. *London Guaranty & Accident Co.*, 227 App. Div. 37; 254 N. Y. 576; *Tulchinsky* v. *Public Service Mut. Cas. Ins. Corp.*, 245 App. Div. 382.)

FINCH, J. Plaintiff appeals from a judgment entered upon an order of the Appellate Division affirming, with one justice dissenting, the judgment of Special Term upon a motion dismissing the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

The plaintiff, a corporation engaged in the business of transporting passengers for hire, sues the defendant insurance company to recover under an insurance policy for moneys paid out by plaintiff with the consent of the insurance carrier to settle an action brought against the bus company by a passenger. The passenger sought damages for personal injuries alleged to have been sustained by her when she was assaulted by a fellow passenger. She alleged in her complaint as the ground for the liability of the bus company that the driver of the bus, having knowledge of a prolonged disturbance by unruly passengers, took no steps to insure her safety, although he was appealed to for help by her and by other passengers and had ample opportunity to protect her by demanding that the unruly passengers leave the bus. The bus company has annexed the policy of insurance to its complaint.

This is the second time this case has appeared in this court. In the first action we were obliged to dismiss the complaint because the plaintiff had failed to allege therein

that it was under any legal obligation to pay damages to the injured passenger (*Green Bus Lines, Inc.,* v. *Ocean Accident & Guaranty Corp.,* 282 N. Y. 104). Thereafter plaintiff instituted this action in which the insufficiency in the first complaint has been remedied and the only question remaining for decision is whether the action is within the coverage of the policy.

Defendant has issued a policy of insurance to the plaintiff in which it has agreed " to pay any sums which the Insured may become obligated to pay by reason of the liability imposed by law upon the Insured for damages for * * * injuries to persons * * * resulting from the ownership, operation, maintenance, use or defective construction of " plaintiff's buses.

The liability of the bus company to its passengers for injuries sustained as the result of the failure of the company to protect its passengers from assaults by fellow passengers after due notice, is comprised within the terms " liability imposed by law." This court has recently, in connection with a claim for indemnity under a policy of insurance, construed these same words in a broad sense. (*DiMarco & Ciccone, Inc.,* v. *Travelers Indemnity Co.,* 287 N. Y. 601.) It is settled that a common carrier has a legal duty, after due notice, to protect its passengers from the assaults of fellow passengers. (*Gillespie* v. *Brooklyn Heights R. R. Co.,* 178 N. Y. 347; Hutchinson on The Law of Carriers, §§ 595, 596.) Whether the liability of the plaintiff to the third party arises *ex contractu* or *ex delicto* by reason of its negligence by failing to protect the passengers from assault by a fellow passenger makes no difference so far as the liability of the plaintiff to the third party is concerned. (*Greco* v. *Kresge Co.,* 277 N. Y. 26.) In the case at bar the allegations of the complaint in the third party action fall within the legal principles above stated and if proved would obligate plaintiff to compensate the third party for her injuries.

The insurance policy in the case at bar was a statutory policy. At the very beginning of the printed policy appears the notice: " This policy conforms to the policy form

approved by the Commissioner of Motor Vehicles  *  *  * for use in compliance with Section 17 of the Vehicle and Traffic Law  *  *  *."

We turn then to find the meaning and intent embodied in section 17 of the Vehicle and Traffic Law (Cons. Laws, ch. 71). That section provides that every corporation engaged in the business of carrying passengers for hire in any motor vehicle, with certain exceptions not here material, operated upon any public highway of the State, shall file with the Commissioner of Motor Vehicles for each motor vehicle so operated a policy of insurance approved as to form by the Commissioner, in a company authorized to do business in the State, and approved by the Superintendent of Insurance as to company solvency and responsibility, conditioned for the payment of a minimum sum on any one judgment and a maximum sum on all judgments recovered against the bus corporation for damage or injury caused in the operation, maintenance, use or defective construction of such motor vehicle, in the following amounts for damages incident to death or injuries to persons: according to the seating capacity varying from seven to thirty or more passengers, with a minimum liability of $2,500 and a maximum liability of $5,000 to $50,000; and for damages incident to injury or destruction of property for each motor vehicle, a minimum liability of $1,000 and a maximum of $5,000. In addition, it is provided therein that a motor vehicle owned by a non-resident of this State shall not be subject to the provisions of this section upon entering this State provided no passengers are received or discharged in this State.

It would, therefore, appear that section 17 of the Vehicle and Traffic Law was enacted, among other things, from the viewpoint of the protection of the passengers using the common carrier and not primarily for the protection of the owner of the bus. Not only do the maximum and minimum liabilities increase with the number of passengers to be accommodated, but also there is the provision that the bus owned by a non-resident of this State shall not

be subject to the provisions of section 17 upon entering the State provided no passengers are received or discharged in the State. Reading section 17 as a whole, it is reasonable to say that the furnishing of this bond was required in large measure to safeguard the person and property of passengers from injury or damage caused by the negligence of a public motor vehicle carrier. (*Shaw* v. *Citizens Casualty Co.*, 241 App. Div. 399.)

It is urged, however, that the broad language of the policy whereby the defendant insurance company has undertaken to pay all judgments for liability imposed by law for damages for injuries to persons has been limited by the words " caused in the operation, maintenance, use or the defective construction of such motor vehicle  *  *  *." (Vehicle & Traffic Law, § 17, subd. 1.) The words " operation " and " use " are broad terms. Moreover, the purpose of section 17 would seem to indicate that these words have been used in a sense sufficiently broad to cover this kind of accident. If there were any doubt as to whether these terms were sufficiently broad to cover this kind of accident, we turn to the words of the policy in the form approved by the Commissioner of Motor Vehicles for the purpose of carrying out this statute, and which in that form has been accepted and used by this defendant. The broad sense in which these words were used in section 17 has been carried out in the policy by the addition of the word " ownership," so that the phrase reads " resulting from the ownership, operation, maintenance, use or defective construction of " plaintiff's buses. If this defendant was not in accord with the construction placed upon section 17, in the form of policy approved, it need not have written the policy in suit. Having written the policy the defendant is liable for such injury as that in the case at bar, since, as pointed out above, liability of a bus company to its passengers for injuries sustained from assaults by fellow passengers after due notice is a " liability imposed by law " and is one of the incidents of ownership and operation of a motor vehicle for hire in this State.

It is urged by defendant, however, that the insured should not read the words used in the policy and in section 17, pursuant to which the policy specifically states that it was issued, in their ordinary sense, but that the insured should read section 17 in conjunction with section 59 of the Vehicle and Traffic Law and section 109 (see now § 167) of the Insurance Law (Cons. Laws, ch. 28). By this argument defendant seeks to restrict the meaning of the words " ownership, operation " and " use " to apply to accidents occurring upon the streets and highways. It points to section 59 of the Vehicle and Traffic Law as having been enacted for the purpose of the protection of the public from the point of view of ownership of a motor vehicle, as an instrument which, if not owned and used with care, is likely to produce injuries resulting from such accidents, and thereby seeks to restrict the meaning of the above quoted phrase to accidents happening outside of the automobile. As already noted, one of the primary purposes of section 17 of the Vehicle and Traffic Law was the protection of the passengers using the common carrier. Moreover, the word " operation " as used in section 59 has been held to have been used in a sense sufficiently broad to cover not only injury to persons outside the bus, but also a guest passenger (*Cohen* v. *Neustadter*, 247 N. Y. 207). Had the Legislature intended to limit the liability to such as resulted from accident or collision, it would have been easy so to have specified in the policy.

In the case at bar the assured is entitled to rely upon the wording of its policy construed in accordance with the wording of section 17 of the Vehicle and Traffic Law. In neither the policy nor section 17 does there appear an intention to use these words in a sense so as to exclude this class of liability from the general phrase " liability imposed by law." The words " any sums which the insured may become obligated to pay by reason of the liability imposed by law * * * for damages * * * to persons * * * resulting from the ownership, [and] operation * * * " are words of very broad significance and

as used in their ordinary sense, would include the total liability imposed by law upon the plaintiff as a common motor carrier no matter whether such liability arose from a street accident or otherwise. It would not seem reasonable to place so restrictive an interpretation upon these words as to segregate from all liabilities imposed by law liability arising as in the case at bar, and thus leave unprotected a passenger injured in this manner. It is submitted that such an interpretation was never intended by the Legislature in the enactment of section 17 of the Vehicle and Traffic Law, by the Commissioner in approving the form of policy to carry out such section, or by the parties in contracting for this insurance thereunder.

It follows that the judgments should be reversed and the motion to dismiss the complaint denied, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY and DESMOND, JJ., concur; LEWIS and CONWAY, JJ., dissent upon the ground that an unprovoked assault upon a public bus passenger by a fellow passenger is not within the coverage of the policy in suit; nor were the injuries resulting from such an assault within the scope of the indemnity required by section 17 of the Vehicle and Traffic Law.

Judgments reversed, etc.