[File No. 7296]

ARDENE HASER, by Irvin Haser, her guardian ad litem, Respondent, v. MARYLAND CASUALTY COMPANY, a corporation, Appellant.

(53 NW2d 508)

Opinion filed March 12, 1952. On rehearing May 27, 1952

*Rittgers, Hjellum & Weiss,* and *Hyland & Foster,* for appellant.

*Sinness & Duffy,* for respondent.

MORRIS, Ch. J.. The plaintiff brings this action to recover the sum of $10,000.00 from the Maryland Casualty Company upon an automobile liability insurance policy which was issued on behalf of the Yellow Cab Company, a corporation, the insured named therein, pursuant to the provisions of Section 49–1833 NDRC 1943. The Yellow Cab Company is a common carrier of passengers for hire operating under authority of a certificate of public convenience and necessity issued by the Public Service Commission of the State of North Dakota. On October 27, 1947, the plaintiff, while a passenger in a taxicab owned and operated by the Yellow Cab Company and then driven by one Elmer Pape, an agent and employee of the cab company, was raped by Elmer Pape and by one Floyd Powell, also a passenger in the taxicab. Pape, the driver, assisted Powell, the passenger, in raping the plaintiff. The facts regarding these occurrences are more fully set out in Haser v. Pape, 77 ND 36, 39 NW2d 578.

The plaintiff in an action against Pape and the Yellow Cab Company recovered a judgment against Pape by default in the sum of $10,000.00. In that action the trial court directed a verdict in favor of the cab company for a dismissal. Plaintiff appealed and we determined that dismissal by the trial court was prejudicial error and we granted a new trial as to the defendant cab company. Haser v. Pape, supra. The case against

the cab company was tried to a jury and resulted in a verdict in favor of the plaintiff for $650.00 damages. The trial court, upon motion of the plaintiff, set aside the verdict and granted a new trial. The trial court's order was sustained by this court in Haser v. Pape, 77 ND 481, 50 NW2d 240. Thus it appears that the liability of the Yellow Cab Company, if any, is as yet undetermined.

The judgment against Pape is the basis of the present action on the automobile liability policy issued by the defendant insuring the Yellow Cab Company, a corporation, for certain coverages that will be hereinafter discussed, for the period from April 15, 1947 to April 15, 1948. That policy was issued to enable the Yellow Cab Company to comply with the requirements of Section 49–1833 NDRC 1943 pertaining to the granting of a certificate by the State Public Service Commission. It provides:

"The commission in granting a certificate to any common motor carrier and in granting a permit to any contract carrier shall require the owner or operator first to procure either liability and property damage insurance or a surety bond to be approved by the commission as to the form, sufficiency, and surety thereof and written by a company authorized to write such insurance in this state in an amount to be designated by the commission. The conditions of such liability insurance or surety bond shall be such as to guarantee the payment of any loss or damage to property, or on account of the death of or injury to persons, resulting from the negligence of such carrier. . . . Upon final judgment the insurer or surety shall become liable directly to the owner of such judgment for the full amount thereof but not exceeding the amount of the policy of insurance or surety bond applicable to such loss."

The filing with the Public Service Commission of the liability insurance policy was a condition precedent to the continuance of the certificate of public convenience and necessity of the taxicab company, without which it could not operate beyond two miles from the city of Jamestown. Section 49–1804 NDRC 1943. It will be assumed that the parties contracted in the light of the statute under which it procured its right to operate (Sec-

tion 49–1833 NDRC 1943) and intended to make a contract to carry out its purposes. The policy will not be construed to be more restrictive in its coverage than that required by the statute. Miller v. State Automobile Insurance Association, 74 ND 306, 21 NW2d 621; Great American Indemnity Co. v. Vickers, 183 Ga 233, 188 SE 24. On the other hand, the policy may be broader in its scope of coverage than the statute requires if the terms of the policy so provide. MacClellan v. General Casualty & Surety Co., 4 NJ Mis R 926, 134 Atl 911; Franklin v. Georgia Casualty Co., 225 Ala 58, 141 So 702; Witzko v. Koenig, 224 Wis 674, 272 NW 864; 45 CJS, Insurance, Section 925 c.

The plaintiff argues that the judgment against Pape is conclusive as to the insurer. That argument is sustainable only if the judgment falls within the coverage of the policy as provided by the terms of either the statute or the policy. The statute, Section 49–1833 NDRC 1943, requires that the insurer guarantee "the payment of any loss or damage to property, or on account of the death of or injury to persons, resulting from the negligence of such carrier." The judgment against Pape was not recovered for any act of negligence on his part, but for a positive and intentional act of violence. A distinguishing characteristic of negligence is the absence of a positive intent to inflict injury. 38 Am Jur, Negligence, Sections 5 and 6; 65 CJS, Negligence, Section 3; Shearman and Redfield on Negligence, Revised Edition, Section 1.

We now turn to the provisions of the policy which are broader than the requirements of the statute. The coverage is set forth in three paragraphs—A, B, and C. Paragraph B deals with property damage liability and C with medical payments. Neither of these paragraphs is of importance in this action. Paragraph A deals with bodily injury liability and provides that the Maryland Casualty Company agrees with the insured:

"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons,

caused by accident and arising out of the ownership, maintenance or use of the automobile."

The term accident as ordinarily used is more comprehensive than the term negligence. Rothman v. Metropolitan Casualty Insurance Co., 134 Ohio St 241, 16 NE2d 417, 117 ALR 1169. The insured named in the policy is the Yellow Cab Company, a corporation. The policy also contains a statement generally known as an "omnibus clause" which states:

"The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured. The insurance with respect to any person or organization other than the named insured does not apply: . . . ."

Then follow exceptions a, b, c, and d, which are without pertinence to the issues of this case. At the time the assault on the plaintiff took place, Pape was operating an automobile as a taxicab belonging to the named insured, the Yellow Cab Company. He clearly was a member of that class of persons designated as "insured" in the omnibus clause. Persellin v. State Automobile Insurance Association, 75 ND 716, 32 NW2d 644; Dominguez v. American Casualty Co., 217 La 487, 46 So2d 744; Traders & General Insurance Co. v. Powell, 177 F2d 660; Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, Volume 6, Section 3943; Stovall v. New York Indemnity Co., 157 Tenn 301, 8 SW2d 473, 72 ALR 1368, and annotation 1375. In Haser v. Pape, 77 ND 36, 39 NW2d 578, we determined that the plaintiff entered the insured cab as a passenger of the Yellow Cab Company at the instance of Pape, the cab company's employee and agent. It is clear to us that at that time he was an "insured" within the terms of the policy, as was also his employer, the Yellow Cab Company.

The next question is whether the plaintiff, under the terms of the policy and the statute (Section 49-1833 NDRC 1943) un-

der which it was issued, can recover from the defendant upon a final judgment entered against Elmer Pape alone. We have reached the conclusion that Pape was "insured" within the meaning of that term as used in the policy. It must now be determined whether the injury which the plaintiff sustained at his hands which resulted in the judgment against him was "caused by accident and arising out of the ownership, maintenance or use of the automobile" covered by the policy. The plaintiff, while a passenger in a taxicab covered by the policy, was raped by Pape and by another passenger with the willful connivance and assistance of Pape. Pape was insured and the taxicab was a vehicle covered by the policy.

It has been suggested that the plaintiff's injury being intentionally inflicted by Pape was not the result of an accident within the meaning of that term as used in the policy. The question arises not infrequently whether a personal injury intentionally inflicted may be considered to be the result of an accident within the meaning of a liability policy. The answer to the question depends on whose standpoint is the basis of consideration. From the standpoint of an aggressor an injury willfully inflicted upon another is not an accident; but from that of the victim of an uninvited and unprovoked aggression, the injury is accidental. His right to redress does not depend upon the state of mind of the one who injured him. Georgia Casualty Co. v. Alden Mills, 156 Miss 853, 127 So 555, 73 ALR 408; Hartford Accident & Indemnity Co. v. Wolbarst, 95 NH 40, 57 Atl 2d 151; Fox Wisconsin Corporation v. Century Indemnity Co., 219 Wis 549, 263 NW 567; Tedesco v. Maryland Casualty Co., 127 Conn 533, 18 Atl 2d 357, 132 ALR 1259; Pettit Grain & Potato Co. v. Northern Pacific Ry. Co., 227 Minn 225, 35 NW2d 127; Appleman's Insurance Law and Practice, Section 4252.

In E. J. Albrecht Co. v. Fidelity and Casualty Co. of New York, 289 Ill App 508, 7 NE2d 626, recovery was sought under a public liability policy that had been issued to a bridge contractor covering damages due to bodily injuries suffered as the result of accidents. The superintendent of the construction company shot and injured one who was not in the employ of the

company. The injured man recovered a judgment against the company and the court held that the injury which was the basis of the judgment was the result of an accident.

In Huntington Cab Co. v. American Fidelity & Casualty Co., 155 F2d 117, a taxicab passenger who had sustained injuries as the result of an unprovoked and unauthorized assault by the cab driver sought to recover under a policy which was the basis for a certificate of convenience and necessity issued by the Public Service Commission of West Virginia. The policy contained an agreement to indemnify the cab company:

"Against loss from the liability imposed by law upon the Assured arising or resulting from claims upon the Assured for actual damages to persons accidentally receiving bodily injuries . . . ."

The policy also carried an endorsement required by the West Virginia statute wherein the casualty company agreed to pay any final judgment recovered against the cab company for bodily injury resulting from the negligent operation, maintenance, ownership, or use of motor vehicles under the certificate of public convenience and necessity. In discussing the point as to whether the passenger's injuries were accidentally received, the court said:

"The matter is determined from the standpoint of the injured person and not from the standpoint of the aggressor. If the injury is caused by the insured himself or by his employee with his authority or consent, it is not accidental under either form of policy, and so coverage is denied; but where an intentional injury is inflicted by an employee of the insured without the latter's authority or consent, it is generally held, a few decisions to the contrary, that the injury is suffered as the result of an accident within the meaning of the contract of insurance." See also Ohio Casualty Ins. Co. v. Welfare Finance Co., 75 F2d 58.

Contra see Travelers Insurance Co. v. Reed Co., Texas Civil App., 135 SW2d 611; Rothman v. Metropolitan Casualty Ins. Co., 134 Ohio St 241, 16 NE2d 417, 117 ALR 1169.

In this case we are not dealing with a judgment against an employer for an injury inflicted by the unauthorized act of an employee, but with a liability arising directly from a willful,

intentional, and criminal act of an insured for which a judgment was rendered against the perpetrator alone. It is generally held to be contrary to public policy to insure against liability arising directly against the insured from his willful wrong. Sheehan v. Goriansky, 321 Mass 200, 72 NE2d 538; Taxicab Motor Co. v. Pacific Coast Casualty Co., 73 Wash 631, 132 Pac 393; Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, Volume 6, Section 3833; Appleman's Insurance Law and Practice, Volume 7, Section 4252.

"In general insurance to indemnify insured against his own violation of law is void as against public policy; but insurance to indemnify him against the consequences of a violation of law by others, or against his own negligence, or the negligence of others, is valid." 44 CJS, Insurance, Section 242 b.

The judgment against Pape represents a liability arising directly from the commission of rape by the insured. Any contract indemnifying the perpetrator against the consequences of such an act would be clearly against public policy. The liability policy under consideration clearly does not and cannot bind the insurer to pay the judgment upon which this action is based. The judgment appealed from is reversed.

GRIMSON, CHRISTIANSON, SATHRE and BURKE, JJ., concur.

MORRIS, C. J. On rehearing. We granted a petition on the part of the respondent for a rehearing. The respondent argues that an insurance policy insuring a common motor carrier pursuant to Section 49–1833 NDRC 1943 against willful wrong is not void as against public policy because the insurance policy is required by law for the benefit of and protection of the public who are the real beneficiaries rather than the named insured, which is the common motor carrier. Conceding for the purpose of this discussion the correctness of the rule contended for by the respondent, she nevertheless has not as yet established a right to recover against the appellant under the terms of the policy and the statute.

Section 49–1833 NDRC 1943 clearly contemplates that upon final judgment against the common motor carrier the insurer

shall become liable directly to the owner of such judgment up to the amount of the policy. No judgment has as yet been recovered against the Yellow Cab Company, which is the common motor carrier involved in this case. If that should occur, plaintiff's argument then may become pertinent in determining the liability of the insurer.

In this case the policy is broader in its terms than the statute requires in that it makes the driver of a taxicab an insured. This provision of the policy is not required by nor governed by Section 49–1833 NDRC 1943, and liability under it is to be determined not by the rule advocated by the respondent, but under the general rule that an insurance policy indemnifying the insured against liability due to his willful wrong is void as against public policy, a rule which this state has adopted by statute in the terms of Section 26–0604 NDRC 1943, which provides:

"An insurer is not liable for a loss caused by the willful act of the insured, but he is not exonerated by the negligence of the insured or of his agents or others."

Under this rule the respondent cannot recover against the insurer for the willful wrong of the insured, who in this case is the taxicab driver, and not the common motor carrier to whose liability the provisions of Section 49–1833 apply.

The correctness of our determination is further demonstrated by a provision of the policy which states:

"Assault and battery shall be deemed an accident unless committed by or at the direction of the insured."

The rape, which was an aggravated form of assault and battery, was not committed by or at the direction of the Yellow Cab Company and as far as the liability of its insurer is concerned the rape was an accident, although, as we have previously held, it involved a breach of duty to its passenger on the part of the cab company. On the other hand, the act committed by Pape was not an accident as to his insurer because the clause pertaining to assault and battery excludes that act from coverage under the term accident and thus precludes liability of the insurer based upon a judgment rendered against Pape alone.

The fact that the same insurer has insured both the cab company and the driver under the same policy does not fix the same

measure of liability as to each. A security covering the liability of the taxicab company was required by statute, but no such statutory security was required for the driver. His coverage was purely contractual and the insurer is not liable unless the judgment, which is the basis upon which recovery is sought from the insurer, falls within the terms of the contract, which the judgment against Pape does not. We adhere to our former opinion.

GRIMSON, BURKE, SATHRE and CHRISTIANSON, JJ., concur.