Bell, J.
 

 The trial court in the instant case decided two propositions: (1) That whether the operation of the tractor by. Murdock at the time of the collision on October 17, 1941, was within the coverage of the insurance policy issued by The Ocean Accident & Guarantee Corporation, Ltd., was a question of fact, and (2) that the judgment in the case of
 
 Leonard v. Glenn Cartage Co.
 
 was not a bar ¿o the prosecution of the instant case.
 

 The Court of Appeals modified (as hereinbefore stated) and affirmed the judgment of the trial court. The only factual difference between the instant case
 
 *108
 
 and the ease of
 
 Wood
 
 v.
 
 Vona, ante,
 
 91 this day decided, is that here at the time of the collision the tractor was being operated to the home of
 
 Murdoch
 
 for repairs, while in the
 
 Wood, case
 
 the tractor was being operated from the repair shop to the home of Yona after repairs had been completed. No nsefnl purpose would be served by repeating here what has been already said in the
 
 Wood case
 
 upon the subject of coverage. For the reasons stated in the
 
 Wood case
 
 the contention of Ocean that the operation of the tractor at the time and place of collision, as a matter of law, was not within the coverage of the policy cannot be sustained.
 

 Upon the second question Ocean contends:
 

 “The judgment for defendant in
 
 Elizabeth Leonard
 
 v.
 
 Glenn Cartage Company
 
 established that Murdock was not using his truck on that company’s business at the time of the accident. This is essentially the issue presented in the case at bar and the judgment in said cause is an adjudication of that issue adverse to Elizabeth Leonard, the plaintiff in both cases. It is an estoppel by judgment and a bar to the present action. ’ ’
 

 It is claimed that the doctrine of
 
 res judicata
 
 should be applied in the instant case. Without entering into a lengthy discussion of that subject suffice it to say that the case of
 
 Leonard
 
 v.
 
 Glenn Cartage
 
 sounded in tort, the present action sounds in contract, the parties in the two cases are not the same, the issues are not the same, different proofs were required to sustain the two actions, and the controversy sought to be precluded, to wit, the liability of Ocean Accident & Guarantee Corporation, Ltd., upon its policy, was not tried or determined in the
 
 Glenn Cartage case.
 

 In 23 Ohio Jurisprudence, 962, Section 730, we find this definition of the rule:
 

 “The judgment of a court of concurrent jurisdiction directly upon' the point is, as a plea in bar or as evi
 
 *109
 
 dence, conclusive between the same parties, on the same matter, directly in question in another court.
 
 But neither the judgment of a court of concurrent or exclusive jurisdiction is evidence of cmy matter incidentally cognisable, nor of any matter to be inferred by argument from the judgment.”
 
 (Emphasis supplied.) See
 
 Lessee of Lore v. Truman,
 
 10 Ohio St., 45;
 
 Rompe & Son
 
 v.
 
 Ravens,
 
 68 Ohio St., 113, 67 N. E., 282;
 
 Norwood
 
 v.
 
 McDonald et al., Admrs.,
 
 142 Ohio St., 299, 52 N. E. (2d), 67.
 

 We are persuaded that the doctrine of
 
 res judicata
 
 has no application here. In our opinion the Court of Appeals did not err in affirming the judgment of the Court of Common Pleas, therefore the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Williams and Turner, JJ., concur.
 

 Matthias and Hart, J J., dissent.