ISMAEL GONZÁLEZ SÁNCHEZ, demandante y apelante, *v.* MIGUEL A. SANTOS y U. S. CASUALTY Co., demandados y apelados.

Número 11043.
*Sometido:* 16 de octubre de 1953. *Resuelto:* 12 de febrero de 1954.

*J. Córdova Mercado* e *Isaías M. Crespo,* abogados del apelante; *Emilio de Aldrey,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

El apelante Ismael González Sánchez presentó en la sección de Arecibo del anterior Tribunal de Distrito, el 2 de

octubre de 1951, una reclamación de daños y perjuicios contra Miguel A. Santos y la United States Casualty Co., alegando que al conducir el demandante, como chófer del demandado Miguel A. Santos y mediante paga, un vehículo perteneciente a Santos, ocurrió un accidente, sin que hubiese mediado culpa o negligencia del demandante, y que debido a ese accidente el demandante sufrió los siguientes daños:

Fractura del fémur de la pierna izquierda, habiendo sido operado de la misma; laceraciones graves en distintas partes del cuerpo; y además sufrió fuertes dolores por largo tiempo y angustias mentales durante su reclusión.

Surge además de las alegaciones de la demanda que el accidente ocurrido está cubierto por una póliza de seguro extendida por la United States Casualty Co., en virtud de las disposiciones del artículo 10(a) de la Ley núm. 279 de 5 de abril de 1946 ((1) pág. 599), que establece la extensión de pólizas de seguro con respecto a accidentes en que estén envueltos carros públicos, siendo el automóvil aquí envuelto un carro público.

La United States Casualty Co. presentó una moción de sentencia sumaria, a la que acompañó una copia de la póliza de seguro que cubre este caso, alegando que la póliza no cubre los daños que alega el demandante que fueron sufridos por él. La póliza, en efecto, cubre todos los posibles daños que puedan sufrir los pasajeros y terceras personas pero, en cuanto a los conductores o chóferes solamente cubre la muerte accidental, la pérdida de sus miembros (*dismemberment*) y la pérdida de su visión. No cubre específicamente los daños que se alega fueron sufridos por el demandante en este caso. Adoptando tal razonamiento, el tribunal a quo dictó una sentencia sumaria declarando sin lugar la demanda, y el demandante ha apelado de esa sentencia para ante este Tribunal.

Una póliza como la envuelta en el caso de autos, extendida en virtud y en cumplimiento de una disposición estatutaria, debe ajustarse a los términos del estatuto y su cu-

bierta (*coverage*) debe ser compatible con los términos de la ley básica y específica, hasta el punto de que una restricción en la cubierta, contenida en la póliza, que sea más limitada que la prevista en el estatuto, carecería de efecto legal, ya que, de existir algún conflicto entre la póliza y el estatuto, en cuanto a los límites y extensión de los riesgos y daños causados, debe prevalecer el estatuto, por lo menos en cuanto a pólizas requeridas por la ley. 29 Am. Jur. 197, sec. 180; 45 C.J.S. 886, 887, sec. 829; 44 C.J.S. 1214, 1219, sec. 302; *Logan* v. *Victory Life Ins. Co.*, 259 P.2d 165; *Olander* v. *Klapprote et al.*, 57 N.W.2d 734; *American Alliance Ins. Co.* v. *Brady Transfer Co.*, 101 F.2d 144; *Gillard* v. *Manufacturers' Casualty Ins. Co.*, 104 Atl. 707. Cualquier exclusión o restricción contenida en una póliza como la envuelta en este caso debe quedar subordinada a lo que prescribe el estatuto. *Casualty Reciprocal Exchange* v. *Sutfin*, 166 P.2d 434, 438, 439; *Hindel* v. *State Farm Mut. Auto Ins. Co.*, 97 F.2d 777, certiorari denegado en 305 U. S. 647. Debe prevalecer aquella interpretación que haga posible el logro de la política pública establecida en el estatuto. *Wood* v. *Vona et al*, 68 N.E.2d 80; *Leonard* v. *Murdock et al.*, 68 N.E.2d 86. En casos como el de autos, el estatuto es considerado como formando parte de la póliza. *Johnson Transfer Lines* v. *American Nat. Fire Ins. Co.*, 79 S.W.2d 587. En la propia póliza envuelta en este caso se dispone que los términos de la póliza que estén en conflicto con los estatutos (de Puerto Rico), deben ser considerados como enmendados al fin de ajustarlos al estatuto.

■■ El artículo 10 (*a*) de la citada Ley 279 de 5 de abril de 1946 dispone lo siguiente:

"Todo vehículo de motor con capacidad no mayor de diez (10) pasajeros, dedicados a la transportación de pasajeros mediante paga como porteador público, incluyendo los que se consideran como instrumento de trabajo, pagará en adición a los derechos anteriormente prescritos, en sellos especiales de rentas internas en los cuales aparecerá impresa la frase 'Auto Público Asegu-

rado', la suma de (veintinueve dólares) $29, pagaderos en el término comprendido entre el 1ro. y el 15 de julio de cada año. Dicha suma anual de $29 o la parte de ella correspondiente a la fracción del año ingresará en un fondo especial en la Tesorería de Puerto Rico a disposición del Comisionado y será utilizada por éste para pagar la prima de una póliza de seguro que cubra los accidentes causados por dicho vehículo a los pasajeros que viajan en el mismo, al chófer, a terceras personas o cualquier otro riesgo adicional que la Compañía Aseguradora esté dispuesta a asumir, y a tal fin el Comisionado satisfará dicha suma de veinte y nueve (29) dólares por cada asegurado al Fondo del Seguro del Estado o al asegurador que en subasta pública convocada al efecto por la Comisión de Suministros del Gobierno Insular, ofrezca las mejores condiciones y reciba la buena pro en dicha subasta, conforme a las reglas que a tales efectos fijare la citada Comisión de Suministros. En caso de que no concurriere a la subasta ningún asegurador o no se adjudicare la buena pro a ninguno de los que concurran por no considerarse aceptables las condiciones ofrecidas, la suma pagada por los dueños de automóviles públicos con destino a esta póliza de seguro se reservará en la Tesorería Insular en un fondo especial hasta tanto se consiga un asegurador dispuesto a establecer el seguro interesado o se pondrá a la disposición del Fondo del Seguro del Estado; Disponiéndose, que la Comisión de Suministros queda facultada para conceder la buena pro por separado el seguro de los automóviles de servicio público y el seguro de los automóviles considerados como instrumento de trabajo de sus dueños."

De acuerdo con los términos de dicho artículo, la póliza debe cubrir todos los daños causados al chófer, al igual que a los pasajeros y a terceras personas, cuyos daños sean propios de o incidentales a la operación y explotación del vehículo como porteador público. *Arvelo* v. *Rdríguez*, en reconsideración, 69 D.P.R. 1004, 1009. Según se alega en la demanda, el demandante era un chófer de un vehículo que era operado y explotado como un porteador público, y los daños y el accidente que él alega que sufrió correspondían a riesgos que eran propios de o incidentales a tal operación o explotación. Al pretenderse en la póliza el limitar o restringir, en la forma que hemos visto, la cubierta prevista en el artículo 10 (*a*), tal

restricción carece de virtualidad legal. Los daños alegadamente sufridos por el demandante caen dentro de la cubierta prevista en el estatuto, y ello es suficiente para implicar la suficiencia de la demanda, no obstante lo dispuesto en la póliza, que debe ceder ante la ley. De otro lado, el artículo ya citado no establece diferencia alguna entre los daños causados a chóferes, y los ocasionados a pasajeros y terceras personas, en cuanto a la cubierta relativa a esos daños, pero la póliza pretende establecer tal diferencia, ya que en cuanto a pasajeros y terceras personas la cubierta es general en cuanto a toda clase de daños incidentales, pero se establece una limitación en lo relativo a cierta clase de daños sufridos por los chóferes. Tal diferencia no está autorizada por el artículo 10 (a) y carece, por lo tanto, de eficacia, considerando especialmente la política pública en beneficio de los chóferes que anima la Ley 279.

La resolución del caso de *Arvelo* v. *Rodríguez*, supra, no debe ejercer influencia directa en este caso, ya que el caso de Arvelo no es aplicable en sus hechos y circunstancias al de autos. En el de Arvelo se trataba de un accidente en que estaba envuelto un vehículo público que, al tiempo de ocurrir el accidente, no se estaba dedicando a la transportación de pasajeros mediante paga, sino que transportaba invitados a fines de recreo, en el momento del accidente. Se resolvió que no mediaba un riesgo incidental a la operación o explotación del vehículo como porteador público. Ese no es el problema planteado en este caso. Tampoco es directamente aplicable al caso de autos el de *Hernández* v. *Rosario*, 66 D.P.R. 294, que se refería a las disposiciones de la Ley núm. 33 de 1941 ( (1) pág. 549), y no estaba bajo el ámbito del artículo 10 (a) de la Ley 279 de 1946. En ese caso se indicó que la Ley núm. 33 contempló el que se limitara la responsabilidad en cuanto a accidentes siempre que el automóvil fuera manejado por su propio dueño como instrumento de trabajo, mientras que, en

ese caso de *Hernández* v. *Rosario*, cuando ocurrió el accidente el automóvil era conducido por una persona que no era su dueño.

Se alega en este caso que la agencia gubernamental encargada de la aprobación y extensión de las pólizas aquí envueltas aprobó la cláusula en cuestión. Naturalmente, tal actuación tiene un valor persuasivo, como una interpretación administrativa (*Arvelo* v. *Rodríguez*, supra, a la página 1010), pero no es concluyente (*Casualty Reciprocal Exchange* v. *Sutfin*, supra), ni obliga definitivamente a los tribunales, en cuanto a si hay o no un conflicto entre la póliza y el estatuto. De existir un conflicto entre la póliza y el estatuto debe prevalecer este último, aunque la póliza haya sido aprobada por una agencia gubernamental. *American Nat. Ins. Co.* v. *Ingle,* 129 S.W.2d 426; 135 A.L.R. 1325.

Alega la compañía apelada que existe una diferencia entre su responsabilidad con respecto a pasajeros y terceras personas, y la relativa a chóferes. Pero el estatuto no establece diferencia alguna, ni categorías distintas de clase alguna. La misma clase de riesgos y responsabilidad es aplicable tanto a los chóferes como a los pasajeros y terceras personas.

El artículo 10 (*a*) determina que la compañía aseguradora puede asumir riesgos adicionales a los previstos en la ley. Ello lo que implica es que otros riesgos, además de los propios de o incidentales a la operación o explotación del vehículo como porteador público, pueden estar cubiertos por la póliza, si la compañía aseguradora los asume. *Arvelo* v. *Rodríguez*, supra, a la página 1009. Pero ello no implica que la compañía puede restringir los riesgos a los fines de excluir aquéllos previstos por la ley, esto es, a los fines de excluir los propios de o incidentales ya mencionados, como se ha pretendido en este caso.

Al disponer el artículo 10 (*a*) que la Comisión de Suministros de nuestro gobierno conceda la buena pro al asegurador

que ofrezca las mejores condiciones, ello no autoriza a dispensar o restringir las condiciones mínimas requeridas por la ley.

*Debe revocarse la sentencia apelada y devolverse el caso a la Sala de Arecibo del Tribunal Superior para que allí se sigan los procedimientos posteriores que no sean incompatibles con esta opinión.*