UNITED STATES CASUALTY COMPANY, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. FRANCISCO TORRES AGUIAR, JUEZ, demandado, RAÚL GAYÁ BENEJAM, INC. y THE PORTO RICAN AND AMERICAN INS. CO., interventores.

Número 2206.

*Sometido:* 15 de enero de 1957. *Resuelto:* 25 de marzo de 1957.

*Emilio de Aldrey,* abogado de la peticionaria; *Córdova & González* y *Carlos Cebollero,* abogados de las interventoras Raúl Gayá Benejam, Inc. y P. R. & American Ins. Co., demandadas en el pleito principal; *Gaetán Roberts & Alcalá* y *Wilfrido Roberts,* abogados de los demandantes en el pleito principal; *F. Fernández Cuyar,* abogado del Sr. Biascoechea, patrono no asegurado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El obrero José Robles Rosa falleció a consecuencia de lesiones recibidas en un accidente de automóviles. Sus herederos interpusieron una acción en reclamación de daños y perjuicios contra Ramón Maldonado Martínez, United States Casualty Co., Raúl Gayá Benejam, Inc. y Porto Rico and American Ins. Co. En la demanda alegaron, en síntesis, que el día 17 de febrero de 1953, su causante José Robles Rosa viajaba en el camión, licencia número HPA 92775 conducido allí y entonces por su dueño el demandado Ramón Maldonado Martínez, estando dicho vehículo asegurado con la codemandada United States Casualty Co.; que en el trayecto de la carretera entre Bayamón y Santurce dicho camión tuvo una colisión con el vehículo licencia número H-80281 propiedad de Raúl Gayá Benejam, Inc., conducido allí y entonces por un empleado de ésta; que este camión licencia H-80281 estaba asegurado con la Porto Rican and American Ins. Co.; que

el mencionado accidente se debió a la negligencia combinada de los conductores de ambos vehículos; que el obrero José Robles Rosa recibió lesiones en dicho accidente que le ocasionaron una muerte súbita; que la Comisión Industrial dictó una resolución determinando que el obrero José Robles Rosa había perdido la vida en un accidente del trabajo, y en el curso de éste, mientras trabajaba para el patrono no asegurado Alberto H. Biascoechea; que dentro del término de ley, el Administrador del Fondo del Seguro del Estado no había incoado demanda por los daños y perjuicios sufridos por los beneficiarios y herederos del obrero fallecido, contra las personas responsables de su muerte. Finalmente se alegan los daños sufridos por los demandantes y se solicita sentencia por la suma a que ascienden dichos daños.

La codemandada United States Casualty Co., aseguradora del vehículo en que viajaba el obrero fenecido, presentó una solicitud sobre sentencia sumaria fundada en que "la póliza expedida por la codemandada United States Casualty Co. cubriendo el truck HPA-92775 no cubre pasajeros así como a ninguna persona que viaje en dicho truck. Dicha póliza cubre únicamente riesgos en la carretera (*road hazards*), estos es, los daños y perjuicios que se ocasionen a peatones o a terceras personas que no viajen en dicho truck". Esta solicitud fué enmendada en corte abierta para adicionarle el fundamento de que la póliza no cubría a ninguna persona que caiga bajo las disposiciones de las leyes de compensaciones a obreros.

Tanto los demandantes como los otros codemandados formularon oposición a la solicitud de sentencia sumaria. Después de una vista el tribunal a quo dictó resolución declarando sin lugar dicha solicitud de sentencia sumaria. Para revisar esa resolución expedimos el presente auto de *certiorari*.

En cuanto al primer fundamento de la solicitud sobre sentencia sumaria, la peticionaria arguye que los únicos

*pasajeros* cubiertos por la ley y la póliza son aquéllos que viajan en vehículos públicos (PA) dedicados a la transportación de pasajeros mediante paga, estando por tanto excluídas, las personas que viajan en vehículos pesados de motor con licencia HPA.

Está equivocada. La Ley núm. 7 de 30 de junio de 1947, enmendando la Ley núm. 279 de 5 de abril de 1946, dispone en su sec. 10 (a), ([1]) lo siguiente:

"§180.—Seguro para Automóviles de Servicio Público.

(a) Todo vehículo de motor con capacidad no mayor de diez (10) pasajeros dedicado a la transportación de pasajeros mediante paga como porteador público, y todo vehículo de motor dedicado a la transportación de pasajeros mediante paga que se considere como instrumento de trabajo, y asimismo todo vehículo comercial considerado como instrumento de trabajo de su dueño, pagará en adición a los derechos anteriormente prescritos, en certificados especiales de rentas internas de los cuales aparecerá la frase 'Auto Público Asegurado', la suma de veintinueve (29) dólares; y todo vehículo pesado de motor considerado como instrumento de trabajo de su dueño, pagará en adición a los derechos anteriormente prescritos, en certificados especiales de rentas internas, de los cuales aparecerá la frase 'Auto Público Asegurado', la suma de cuarenta y nueve (49) dólares. Dichas cantidades serán pagaderas en el término comprendido entre el primero (1ro.) y el quince (15) de julio de cada año. Dicha suma anual de veintinueve (29) dólares o cuarenta y nueve (49) dólares, según sea el caso, o la parte de ella correspondiente a la fracción del año, ingresará en un fondo especial en la Tesorería de Puerto Rico a disposición del Secretario *y será utilizado por éste para pagar la prima de una póliza de seguro que cubra los accidentes causados por dicho vehículo a los pasajeros que viajan en el mismo, al chófer, a terceras personas o cualquier otro riesgo adicional que la compañía aseguradora esté dispuesta asumir,.....*" (Bastardillas nuestras.)

A nuestro juicio el lenguaje del estatuto copiado en bastardillas es claro y no permite, con visos de razonabilidad, la interpretación que al mismo ha dado la peticionaria. La

([1]) 9 L.P.R.A., sec. 180.

suma adicional de $49 que en concepto de derechos paga el vehículo pesado de motor considerado como instrumento de trabajo de su dueño, es utilizado por el Secretario de Obras Públicas, según lo dispone la ley, "para pagar la prima de una póliza de seguro que cubra los accidentes causados por dicho vehículo a *los pasajeros que viajan en el mismo*, al chófer, a terceras personas o cualquier otro riesgo que la compañía aseguradora esté dispuesta asumir, . . ." El legislador no hizo distinción entre los pasajeros que viajen en los automóviles públicos dedicados a la transportación de pasajeros mediante paga y aquéllos que viajen en los vehículos pesados de motor (HPA). Tampoco se desprende de la ley, según sostiene la peticionaria, que cuando el legislador usó la palabra *pasajeros*, se refería exclusivamente a los que viajaban en vehículos públicos (PA). Por el contrario, lo que dispone el estatuto, según nuestra interpretación, es que el seguro cubrirá los accidentes causados por el vehículo asegurado (Auto Público Asegurado) a los pasajeros que viajan en el mismo, al chófer y a terceras personas, ya se trate de un vehículo de motor dedicado a la transportación de pasajeros mediante paga como porteador público, ya se trate de un vehículo comercial o de un vehículo pesado de motor. La palabra "pasajeros" según se ha usado en esta ley incluye a todas las personas, excepción hecha del chófer, que viajan en los vehículos de motor pertenecientes a cualquiera de las tres clases o categorías de automóviles públicos asegurados antes mencionados.(²)

---

(²) Como bien señaló el tribunal a quo, resulta muy significativo que el día 17 de junio de 1955 se aprobó la Ley núm. 78, prohibiendo "la transportación de *pasajeros*" mediante paga o gratuitamente, en vehículos de motor que por su estructura no hubieren sido expresamente diseñados para tal transportación, incluyendo específicamente los definidos en la Ley 279 de 5 de abril de 1946, *"como vehículos pesados de motor....."* Dicha ley sin embargo, dispone que dicha prohibición no se aplicará a *"obreros* dedicados a labores de carga y descarga, quienes deberán viajar junto al conductor, en la cámara de dirección del vehículo."

■ Por otro lado la póliza envuelta en este caso contiene las siguientes cláusulas: (³)

"I—Cubierta A—Responsabilidad por Lesiones Personales:

"Pagar a nombre del asegurado todas las cantidades que el asegurado venga legalmente obligado a pagar como daños debidos a lesiones personales, o enfermedad, incluyendo la muerte en cualquier momento como resultado de dichas causas sufridas por cualquier persona, provenientes de un accidente que ocurra como consecuencia del dominio, sostenimiento o uso del automóvil.

".     .       .       .       .       .       .       .

"Cubiertas ofrecidas por esta Póliza.

"En consideración al pago por el referido asegurado a la Compañía de una prima de Cuarenta y Nueve Dólares ($49.00) por cada vehículo asegurado bajo esta póliza, la Compañía conviene responder de las siguientes cubiertas:

"Bajo la Cubierta (A).—Responsabilidad por lesiones personales—

"Seguro concedido bajo esta póliza, sujeto a las siguientes limitaciones:

"Riesgos de la carretera solamente.. $1,000 una persona
$5,000 un accidente."

La peticionaria sostiene, a nuestro juicio erróneamente, que el accidente en que perdió la vida el obrero causante de los demandantes, no cae dentro del concepto "riesgos de la

---

(³) La póliza está redactada en inglés y las cláusulas copiadas leen en dicho idioma como sigue:

"I—Coverage A—Bodily Injury Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

".     .       .       .       .       .       .       .

"*Coverages as Afforded Under This Policy*

"In consideration of the payment by the named insured to the company of a premium of Forty Nine & 00/100 Dollars ($49.00) per vehicle insured under this policy, the company agrees to give the following coverages:

"Under Coverage 'A'—Bodily injury liability—Insurance as afforded under this policy, subject to the following limits:

"Road Hazard Only...................... $1,000.00 one person
$5,000.00 one accident."

carretera" (*road hazards*), usado en la póliza por la razón de que dicho obrero viajaba en uno de los camiones envueltos en la colisión. En otras palabras, que de acuerdo con la póliza únicamente están expuestos a los riesgos de la carretera las personas que no viajen en el vehículo asegurado que cause un accidente, siempre que no se trate de un vehículo (PA) dedicado a la transportación de pasajeros mediante paga. Desde luego, este argumento descansa en la premisa equivocada, según ya hemos sostenido, de que las personas que viajen en los vehículos pesados de motor HPA, no son *pasajeros* y que por tanto, no están cubiertos por la póliza. Suponemos que la peticionaria no contiende que los pasajeros de un vehículo PA no están expuestos a los riesgos de la carretera (*road hazards*) y por tanto, excluídos de la póliza. La ley incluye expresamente en el seguro a los pasajeros y no limita la responsabilidad de la compañía aseguradora a los daños que puedan sufrir las terceras personas que no viajan en el vehículo asegurado.

Pero aun cuando se interpretara que el concepto "riesgos de la carretera" limita la responsabilidad de la Compañía a terceras personas, siempre los pasajeros del vehículo estarían cubiertos por la póliza porque (1) la propia póliza dispone que aquellos de sus términos que estén en conflicto con el estatuto del estado donde la póliza se expida, se entenderán enmendadas para ajustarse a tales estatutos, y (2) porque aun en ausencia de tal cláusula, una póliza extendida en virtud y en cumplimiento de una disposición estatutaria, debe ajustarse a los términos del estatuto ya que éste es considerado como formando parte de la póliza y ninguna restricción que ésta contenga puede prevalecer sobre lo que en contrario disponga el estatuto. *González* v. *Santos*, 75 D.P.R. 940.

La otra contención de la peticionaria carece de mérito bajo los hechos de este caso. Una de las cláusulas del contrato de seguro dispone que la póliza no incluiría bajo la Cubierta "A" ninguna obligación por la cual el asegurado, o

cualquier compañía como su asegurador, fuera responsable bajo cualquier ley sobre compensaciones a obreros. El obrero fenecido no era un empleado del asegurado Ramón Maldonado Martínez. Por el contrario, según se alega en la demanda, la Comisión Industrial de Puerto Rico dictó una resolución determinando que el obrero José Robles Rosa había perdido la vida en un accidente del trabajo y en el curso de éste mientras trabajaba para el patrono no asegurado Alberto H. Biascoechea. Y de acuerdo con las alegaciones de una demanda de intervención que figura en los autos, el referido Biascoechea pagó a los beneficiarios del obrero fenecido la compensación correspondiente. Por lo tanto, la citada cláusula de la póliza es inaplicable a los hechos de este caso.

*Por las razones expuestas debe anularse el auto expedido y devolverse el caso al tribunal de origen para ulteriores procedimientos.*