CORRIGAN, APPELLANT, *v.*
DOWNING, APPELLEE.

(No. 54212—Decided
October 17, 1988.)

*Stanley E. Stein,* for appellant.
*John P. Lutseck,* for appellee.

COOK, J. On August 17, 1984, C. Daniel Downing filed a complaint against Daniel O. Corrigan seeking $61,000 as a result of a joint venture or partnership agreement of the parties for the purchase and development of realty in Rome, Ohio. On December 20, 1984, the case was settled. Pursuant to the settlement, Corrigan executed and delivered to Downing a cognovit note in the amount of $40,000. In return, Downing executed and delivered to Corrigan a release as to any liability growing out of the joint venture or partnership.

Corrigan defaulted on the cognovit note. Downing filed a cognovit complaint and, on June 11, 1985, obtained a judgment in the amount of $39,321.71. The judgment was not appealed. On June 13, 1985, Corrigan filed a motion for relief from judgment and a request to stay proceedings, which were overruled. No appeal was taken by Corrigan.

Subsequently, on March 19, 1987, Corrigan filed a complaint against Downing alleging that he procured his (Corrigan's) signature to the cognovit note by means of fraudulent inducement, that he (Downing) had obtained the cognovit judgment by means of fraudulent taking as a result of fraudulently inducing Corrigan to sign the note, that he (Downing) had abused process by executing and garnishing on the cognovit judgment "with malice and without probable cause," that he (Downing), by statements about him, had invaded his privacy, that he (Downing) had defamed him by false statements about him and, by his actions, Downing had intentionally inflicted severe emotional distress upon him. Corrigan further alleged that he had been irreparably injured and harmed by Downing's actions, for which he sought compensatory and punitive damages.

Downing, on May 23, 1987, filed a motion to dismiss the complaint on the ground that Corrigan's claims were barred by the doctrine of *res judicata.* On July 15, 1987, the court granted the motion.

Corrigan has appealed the judgment of the trial court. He has set forth no assignment of error in his brief. However, obviously he is contending that the court erred in dismissing his complaint on the ground of *res judicata.*

In his brief, he sets forth three "arguments" in support of his contention. First, Corrigan argues that his claims are not barred by the doctrine of *res judicata* since in his complaint in the instant cause he alleges conduct on the part of Downing prior to and subsequent to the signing of the cognovit note while the note itself was the subject of Downing's earlier action for judgment on the note. Therefore, he argues there is no similarity of operative facts in the two cases, as required by *Williams* v. *Murdoch* (C.A. 3, 1964), 330 F. 2d 745, for a finding of *res judicata.* Second, Corrigan argues there is no similarity of subject matter in the two cases as required by *Leonard* v. *Murdock* (1946), 147 Ohio St. 103, 33 O.O. 269, 68 N.E. 2d 86. Third, Corrigan argues his complaint states a claim for which relief can be granted.

The sole issue before this court is whether the six claims set forth in Corrigan's complaint were correctly dismissed by the trial court on the ground of *res judicata.*

The doctrine of *"res judicata"* is defined in Black's Law Dictionary (5 Ed. 1979) 1174, as "A matter adjudged; a thing judicially acted upon or decided; a thing or matter settled by judgment. Rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an

absolute bar to a subsequent action involving the same claim, demand or cause of action. *Matchett* v. *Rose*, 36 Ill. App. 3d 638, 344 N.E. 2d 770, 779. * * *"

In the instant cause, Corrigan failed to allege, as a defense to Downing's cognovit complaint, that Downing had procured his signature to the cognovit note by means of fraudulent inducement, either in his answer to Downing's action or in support of his motion for relief from judgment. Since this was a defense which, although not raised, could have been raised in said action, it cannot be raised subsequently because of the doctrine of *res judicata*. *Johnson's Island* v. *Danbury Twp. Bd. of Trustees* (1982), 69 Ohio St. 2d 241, 23 O.O. 3d 243, 431 N.E. 2d 672; *Anderson* v. *Richards* (1962), 173 Ohio St. 50, 18 O.O. 2d 252, 179 N.E. 2d 918.

The underlying rationale of the above-stated application of the doctrine of *res judicata* was set forth in the *Anderson* case at 53, 18 O.O. 2d at 254, 179 N.E. 2d at 921:

"The reasoning in such cases is that a party should have his day in court, and that that day should conclude the matter. A party is bound then to present his entire cause and he is foreclosed from later attempting to reopen the cause as to issues which were or could have been presented. * * *"

We conclude, as to the claims set forth in Corrigan's complaint that Downing had obtained his signature on said note by fraudulent inducement and that Downing had obtained the cognovit judgment by means of fraudulent taking as a result of fraudulently inducing him to sign the note, that said two claims set forth in Corrigan's complaint are barred by the doctrine of *res judicata*.

However, as to Corrigan's claims of abuse of process, invasion of privacy, defamation and intentionally inflicting severe emotional distress, the court erred in dismissing said claims on the ground of *res judicata*. There is no similarity of facts as required by *Williams* v. *Murdoch, supra,* or similarity of subject matter as required by *Leonard* v. *Murdock, supra,* between Downing's action for a cognovit judgment and these claims. Said four claims could not have been raised in said earlier action. Corrigan has had no day in court as to said claims.

However, the doctrine of *res judicata* does apply in said actions as to the use of evidence pertaining to the claims that Downing had obtained Corrigan's signature on the cognovit note by fraudulent inducement and that Downing had obtained the cognovit judgment by means of fraudulent taking as a result of fraudulently inducing Corrigan to sign the note. In other words, evidence pertaining to said two claims cannot be any part of the predicate for Corrigan's actions as to abuse of process, invasion of privacy, defamation, or intentional infliction of severe emotional distress.

It should be noted, however, that this decision involves only the dismissal of Corrigan's six claims on the ground of *res judicata*. That was the only basis of the trial court's dismissal.

Judgment affirmed as to Counts I and II of Corrigan's complaint and reversed as to Counts III, IV, V and VI of said complaint.

> *Judgment affirmed in part,*
> *reversed in part,*
> *and cause remanded.*

HOFSTETTER and GREY, JJ., concur.

ROBERT E. COOK, J., of the Eleventh Appellate District, EDWIN T.

HOFSTETTER, J., retired, of the Eleventh Appellate District, and LAWRENCE A. GREY, J., of the Fourth Appellate District, sitting by assignment.