DECISION
Khalid and Ahsan Alkhatib, defendants-appellants, appeal a judgment of the Franklin County Court of Common Pleas granting a motion for summary judgment in favor of Abdelrahim Sadi, plaintiff-appellee.
On January 22, 1999, appellee, Khalid, and another individual, Alaa Alsulaiman, executed a "purchase agreement" for the sale of American International General Trading, Inc. ("AIGT") for $40,000. As part of that transaction, Khalid and Alsulaiman signed a cognovit promissory note in the amount of $20,000. Khalid and/or Alsulaiman paid $22,300 to appellee during 1999. On July 28, 1999, appellee obtained a cognovit judgment against Khalid for $17,700, plus ten percent annual interest, attorney fees, and court costs. On the same day, appellee filed a certificate of judgment with the Clerk of Courts of Franklin County, Ohio, thereby placing a lien on certain real property owned by Khalid. On December 8, 1999, appellee filed a complaint for foreclosure against Khalid; Ahsan Alkhatib, Khalid's wife; Capital Financial Services, Inc., who possessed a mortgage on the real property; City of Whitehall, who had two judgment liens on the real property; and Joseph W. Testa, Auditor of Franklin County, Ohio; alleging appellee had a valid lien on the property and requesting the real property be sold. On January 6, 2000, appellants filed an answer and counterclaim, denying the allegations and alleging appellee obtained the cognovit note and subsequent judgment by fraud because the cognovit note was represented as a promissory note and part of a purchase agreement. On February 3, 2000, appellee filed an answer to the counterclaim, denying the allegations and claiming the defenses of res judicata, collateral estoppel, and failure to state a claim upon which relief may be granted.
On June 30, 2000, appellants filed a motion for summary judgment. On September 15, 2000, appellee filed a motion for summary judgment. On December 13, 2000, the trial court entered a decision overruling appellants' motion and granting appellee's motion for summary judgment. With regard to appellants' summary judgment motion, the trial court found: (1) there was no issue of fact as to the fraudulent representation of the cognovit note as a promissory note; (2) appellants' claim of fraudulent inducement was barred by res judicata because it could have been raised as a defense to appellee's cognovit complaint; and (3) Khalid could have raised the claim of fraud in the underlying cognovit action pursuant to Civ.R. 60(B) but chose not to do so. With regard to appellee's motion for summary judgment, the trial court found there were no material issues of fact remaining because appellee had demonstrated a cognovit judgment was rendered in his favor against Khalid, and the judgment created a statutory lien on the real property upon the filing of the certificate of judgment with the Clerk of Courts. On January 15, 2001, the trial court issued a judgment entry journalizing the December 13, 2000 decision. Appellants appeal the judgment of the trial court, asserting the following assignment of error:
 FRANKLIN COUNTY COURT OF COMMON PLEAS DID NOT REVIEW THE CASE IN ITS ENTIRETY.
Appellants appeal the trial court's determination of both parties' summary judgment motions. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103.
The argument contained in appellants' appellate brief is minimal. Appellants' first argument is that "the [trial court], although having the entire record available for its review, did not review the case in its entirety." Appellants do not explain what they mean by this statement and make no citations to the record. Our review is limited to what transpired in the trial court as reflected by the record of proceedings. R.H. Macy 
Company, Inc. v. Otis Elevator Company (1990), 51 Ohio St.3d 108, 109. App.R. 12(A) requires a party to specifically point out errors in the record. Although appellants have failed to do this, we note the trial court has a mandatory duty to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, syllabus. In the absence of a record which affirmatively shows otherwise, we must presume the trial court did review all of the evidence. McNeil v. Case W. Res. Univ. (1995), 105 Ohio App.3d 588, 593. Therefore, absent any explanation or evidence to the contrary, we presume regularity in the proceedings below. This argument is without merit.
Appellants next argue that "[t]he issue of fraudulent representation of the cognovit note as a promissory note by Appellee to Appellant remains unresolved. Therefore, the Appellant is entitled to a fair review of the Decision by this Court and an order reversing the Decision below." Again, appellants make this bare assertion and fail to further elucidate. Appellants have the burden of affirmatively demonstrating error on appeal. See Liggins v. Westminster Arms, Inc. (Dec. 22, 1998), Franklin App. No. 98AP-377, unreported. This court cannot and will not search the record in order to make arguments on behalf of an appellant. Helman v. EPL Prolong, Inc. (2000), 139 Ohio App.3d 231, 240; State v. Watson (1998), 126 Ohio App.3d 316, 321; Franklin Cty. Dist. Bd. of Health v. Sturgill (Dec. 14, 1999), Franklin App. No. 99AP-362, unreported. Appellants have failed to sustain their burden before this court.
Further, although we agree that appellants' claims of fraud, indeed, remain unresolved, appellants do not contest or even address the trial court's findings that their claims of fraud were precluded by res judicata, that they failed to support their proposition with citations to case law or evidence of the type listed in Civ.R. 56(C), and that they could have raised the fraud claim in the underlying cognovit action but failed to do so. We agree with the trial court's determinations on these issues. See Corrigan v. Downing (1988), 55 Ohio App.3d 125, syllabus (when a party fails to raise the defense of fraud in an action on a cognovit note, the doctrine of res judicata precludes the party from raising the allegation of fraud in a subsequent action); Dresher v. Burt (1996), 75 Ohio St.3d 280, 293 (parties seeking summary judgment must "specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims" [Emphasis sic]); Davidson v. Hayes (1990), 69 Ohio App.3d 28, 31 (party may seek relief from a cognovit judgment pursuant to Civ.R. 60(B) based upon fraud); see, also, Grossi v. Fifth Third Bank (Mar. 28, 1994), Butler App. No. CA93-06-126, unreported (party cannot attack cognovit judgment in subsequent action based upon fraud when party could have sought relief pursuant to Civ.R. 60(B) but chose not to do so). Therefore, appellants' argument is without merit.
Accordingly, we find that the trial court did not err in granting appellee's motion for summary judgment and overruling appellants' motion for summary judgment. Appellants' assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _____________________ BROWN, J.
KENNEDY, J., and BRYANT, P.J., concur.