## In re GREAT LAKES FACTORS, INC., Debtor.

No. 03–31616.

United States Bankruptcy Court, N.D. Ohio.

Dec. 19, 2005.

Thomas J. Schank, Toledo, OH, for debtor.

## DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court on the Trustee's Motion to Employ Special Legal Counsel, and the objections thereto filed by RFC Banking Company, f/k/a/ Peoples Banking Company, and Mark Dottore, Court–Appointed Receiver for Great Lakes Funding, Ltd., Inc. Written arguments accompanied each of these filings; additionally, Per–Co, LTD and Perry Farms, Plaintiffs in the matter for which

special counsel is sought to be employed, filed a memorandum supporting the Trustee's Motion. At the Hearing held on the Trustee's Motion, all the Parties with an interest in this matter were afforded the opportunity to make arguments in support of their respective positions. These arguments have since been supplemented with post-hearing brief(s). After having had the opportunity to consider the respective arguments concerning the Trustee's Motion, the Court, for the reasons now explained, finds that it should be Granted.

## DISCUSSION

■ The Trustee in this matter seeks to employ, Reginald S. Jackson, Jr., and Janine T. Avila of Connelly, Jackson & Collier, LLP, as Special Legal Counsel. (Doc. No. 264). His stated purpose for such employment is "to represent the trustee on behalf of th[e] estate for the pursuit of certain tort and/or contract claims that is anticipated will have the effect of enlarging the estate of the debtor, Great Lakes Factors, Inc." Matters pertaining to the employment of a professional by the estate directly concern the administration of the estate, and thus are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A).

■ The employment of a professional person, such as an attorney, by a trustee is governed by § 327(a) of the Bankruptcy Code which provides:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

The purpose of this statute is to ensure that all professionals appointed to represent the estate will tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities. *Rome v. Braunstein,* 19 F.3d 54, 58 (1st Cir.1994).

■ In opposing the Trustee's Motion to employ special counsel under § 327(a),[1] RFC Banking Company and the Receiver raised what can be grouped into three different points of opposition: (1) the Trustee failed to comply with Bankruptcy Rule 2014 because of a lack of specificity contained in his Motion to Employ; (2) the claims/defenses which Special Counsel is sought to be employed are *res judicata;* and (3) the likely further diminution of already scarce estate assets and resources. (Doc. Nos. 265 & 270). Of these three points, only the latter two will be discussed, as the first point of opposition has since been rectified; the Trustee submitted to the Court an Amended Motion wherein, through its amendment to paragraph three, he disclosed sufficient details so as to satisfy the requirements of Bankruptcy Rule 2014. (Doc. No. 277).

■ Section 327(a) recognizes two express grounds for the disqualification of a professional from being employed by the

---

1. In many instances, a trustee will look to § 327(d) for the employment of special counsel. This section tempers the strictures imposed by paragraph (a) by allowing the employment of a professional for a "specified special purpose" even though the professional has previously represented the debtor. The policy behind this provision is to allow the employment of a professional who is already intimately familiar with a matter, usually pending litigation involving the debtor, thereby avoiding an unnecessary duplication of services at the expense of the estate. *In re Brierwood Manor, Inc.,* 239 B.R. 709, 718 (Bankr.D.N.J.1999). However, this provision is not applicable in this particular matter as the special counsel to be employed has had no prior involvement with the Debtor.

estate: (1) the professional is either not disinterested; or (2) the professional has or represents an interest adverse to the estate. But neither of these grounds form a close fit to those remaining two points of opposition raised in this matter: the issue of *res judicata* goes to the merits of the case; and the scarcity of estate assets implicates the trustee's fiduciary duty to the estate. Once more, for purposes of this Decision, the Court hereby makes a finding that Reginald S. Jackson, Jr., and Janine T. Avila of Connelly, Jackson & Collier, LLP qualify as disinterested professionals that neither hold nor represent an interest adverse to the estate as required under § 327(a).

All the same, the two explicit grounds set forth in § 327(a) for disqualification are not exclusive. Section 327(a) specifically qualifies the retention of a professional on the "court's approval" of the professional. A bankruptcy court would thus be remiss in its duties if it did not conduct an independent examination of the professional's retention. *In re Cook*, 223 B.R. 782, 793 (10th Cir. BAP 1998). This review, although specific to the individual characteristics of each case, will necessarily look to global considerations such as whether the best interests of the bankruptcy process would be served by the retention of the professional; or similarly, whether the professional will help enable the trustee to further his fiduciary duties to the estate and its creditors. *In re AroChem Corp.*, 176 F.3d 610, 621 (2nd Cir.1999); *In re Harold & Williams Dev. Co.*, 977 F.2d 906, 910 (4th Cir.1992). As but one example, courts have declined to approve the retention of a professional if the fees they propose to charge are not reasonable. *In re Kurtzman*, 220 B.R. 538, 541 (S.D.N.Y.1998).

At the same time, when neither of the two express grounds set forth in § 327(a) are applicable, it is the party objecting to professional's employment who bears the burden of showing the impropriety of such employment. To this end, a bankruptcy trustee is to be afforded wide latitude in their decision on how to best manage the estate, including the propriety of employing a professional. *In re Microwave Products of America, Inc.*, 94 B.R. 971, 972–73 (Bankr.W.D.Tenn.1989). Hence, a trustee is generally entitled to select his or her own attorney, without interference from individual creditors and other parties in interest. *In re Immenhausen Corp.*, 159 B.R. 45, 47 (M.D.Fla. 1993). And for the following reasons, the strength of the arguments raised by RFC Banking and the Receiver are not sufficient to cause this Court to second guess the Trustee's judgment.

First, considering that the application of *res judicata* goes to the merits of the case for which the Trustee seeks to employ special counsel, this is not, from a procedural perspective, the proper time to raise such an argument. Stated differently, whether the *res judicata* doctrine is applicable says nothing to the issue as to whether it would be an abuse of the Trustee's discretion to employ special legal counsel. To be sure, a trustee will not be permitted to incur expenses to the detriment of the estate for what would, in all probability, be a losing cause. But here, this is simply not the case.

The underlying judgment on which RFC Banking Company bases the application of the *res judicata* doctrine was taken through a cognovit note. Although entitled to *res judicata* effect, the whole point of a cognovit note,—the confession of judgment—is to permit the note holder to obtain judgment without a trial of possible defenses which the signers of the notes might assert. *Hadden v. Rumsey Prod-*

*ucts, Inc.,* 196 F.2d 92, 96 (2nd Cir.1952). Thus, the *res judicata* effect of a cognovit judgment is limited,—e.g., to fraud in the execution of the note. *See, Corrigan v. Downing,* 55 Ohio App.3d 125, 127, 562 N.E.2d 923 (1988) (causes of actions and defenses that could not have been raised on judgment taken on cognovit note are not *res judicata*).

In contrast, the matters for which the Trustee seeks to employ special counsel, such as defending claims of fraudulent transfers and asserting a tort claim stemming from an alleged interference in business operations, could not have likely been raised as viable defenses against the cognovit note, making the doctrine of *res judicata* highly questionable. And while this Court is not making a final decision on the matter, and stands ready to be convinced otherwise, this doubt as to the doctrine's applicability means that it would be premature to deny to the Trustee the employment of special counsel without affording such counsel an opportunity to be heard on the matter.

■ On the final point of opposition raised by RFC Banking Company and the Receiver, the Court is, to say the least, very concerned by the limited resources available to the Debtor's estate, and the risks to such resources that could occur through the employment of special counsel. But for the time being, this concern has been tempered by the promise that special counsel's fees and expenses will be paid by a third party. While the Court appreciates the motives behind this arrangement, as well as the attendant delays that may occur to bring special counsel up to speed, this Court's first concern is to the Debtor's estate. Consequently, so long as this arrangement effectively immunized the estate from any appreciable diminution in value, while at the same time providing a realistic hope of increasing the estate's value, it would also be premature to deny the employment of special counsel on the concern of harm to the estate. The Court, however, expects that the Trustee, in accordance with his fiduciary duties to the estate, will closely monitor the situation, and immediately bring to the Court's attention any change in this arrangement which could negatively impact the Debtor's estate.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the Objections of RFC Banking Company, and Mark Dottore, Court–Appointed Receiver for Great Lakes Funding, Ltd. Inc., to the Trustee's Motion to Employ Special Counsel, be, and are hereby, OVERRULED.